UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
HONG MAI,

                 Plaintiff,

                - against -

NEW YORK CITY HOUSING AUTHORITY and
FAR ROCKAWAY BEACH 41ST HOUSE,

                 Defendants.
---------------------------------------------------------------X

**NOT FOR PUBLICATION**

**MEMORANDUM & ORDER**
18-MC-1818 (PKC)

PAMELA K. CHEN, United States District Judge:

By order entered October 19, 2000, the Honorable Allyne R. Ross enjoined Hong Mai from filing any new actions in this Court without first seeking leave of the Court. (*See Mai v. NYS Dept. of Welfare, et al.*, No. 00-CV-5914-ARR, Dkt. 3). On June 27, 2018, Hong Mai filed a new complaint, along with a request for leave to file. For the reasons that follow, her motion for leave to file is denied.

The proposed complaint initially purports to seek review of the decisions of an administrative law judge, but does not identify any decision or proceeding to be reviewed. Instead, the proposed complaint consists of a series of allegations related to the cost and habitability of Hong Mai's public housing unit located at 40-20 Beach Channel Drive. Hong Mai asserts that her rent has risen to $223 per month (Complaint ("Compl."), Dkt. 1, ¶¶ 5, 7); that her noise complaints have been ignored (*Id.* at ¶ 6); and that her request to repair a broken wall has not been resolved (*Id.* at ¶ 8). She alleges that a "group of Chinese were speaking very loud, using [a] speaker to make noise day and night . . . [and] used all kind of hate speech to [bother] the tenant." (*Id.* at ¶ 6.) She further states, unintelligibly, that "the defendant sue a pay extra rent [sic] tenant to the Court is a discrimination [sic] against the plaintiff." (*Id.* at ¶ 9.) The proposed complaint seeks

injunctive relief compelling Defendants to inspect and fix the wall in her apartment, to "solve[] the noise problem," and to lower her rent to $117 per month and return "overpay rent." (Demand for Relief, Dkt. 1.)

In her request for leave to file, Hong Mai states that she has a pending "case against New York City Housing authority, and the Beach 41st housing, because of the rent issues, payment abuse, maintenance and save and health issues" [*sic*] and asserts that this Court has jurisdiction over these issues pursuant to 42 U.S.C. § 1437. (Request for Leave to File, Dkt. 1.)

The Court has considered the proposed complaint and request for leave to file and finds that Hong Mai has not presented valid grounds for lifting the filing injunction against her. The proposed complaint fails to state a claim on which relief may be granted.

To the extent that Hong Mai seeks this Court's assistance in lowering her rent, resolving her noise complaints, or ordering repairs to her apartment, she has not presented any basis for this Court's subject matter jurisdiction. The Supreme Court has held that there is no federal constitutional right to habitable housing. *Lindsey v. Normet*, 405 U.S. 56, 74 (1972) (finding that there is no "constitutional guarantee of access to dwellings of a particular quality. . . . Absent constitutional mandate, the assurance of adequate housing . . . [is a] legislative, not judicial, function[]."). The United States Housing Act of 1937, which was subsequently amended and now includes 42 U.S.C. § 1437, *et seq.*, establishes parameters for federally funded public housing, including housing quality and maximum amounts of rental and assistance payments. However, it does not provide a private right of action for plaintiffs to sue defendants for violations of the statute. *See, e.g.*, 24 C.F.R. § 983.101 (The regulations "do not create any right of the family or any party, other than [Housing and Urban Development] or the [Public Housing Authority], to require enforcement of the . . . requirements or to assert any claim against HUD or the PHA, for damages,

injunction or other relief, for alleged failure to enforce the [requirements]."). *See also Renaissance Equity Holdings LLC v. Donovan*, No. 12-CV-1639 (FB) (SMG), 2013 WL 2237547, at *5 (E.D.N.Y. May 21, 2013) (collecting cases). Accordingly, Plaintiff's claims related to the habitability or cost of her public housing unit would be dismissed for lack of subject matter jurisdiction.

Hong Mai's allegations of "hate speech" and "discremination" [*sic*] could suggest a claim under the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, *et seq.*, which forbids "discriminat[ion] against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b). However, the proposed complaint does not allege that Hong Mai suffered disparate impact or disparate treatment in the provision of services or facilities. The proposed complaint does not include any specific allegation of discrimination, and the unspecified "hate speech" is not attributed to Defendants or alleged to have had any impact on Hong Mai's housing. Accordingly, any claim under the FHA would be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

Because each of Hong Mai's claims in the proposed complaint would be dismissed, her motion for leave to file the complaint is denied. The order barring Hong Mai from filing future complaints without leave of the Court remains in effect. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: Brooklyn, New York
      July 17, 2018